NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3684
_____

UNITED STATES OF AMERICA

v.

DANYEL T. PROCTOR,
a/k/a Proc

DANYEL T. PROCTOR,
                                        *Appellant*

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-11-cr-00076-004)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2015

Before:  FUENTES, GREENAWAY, JR., and SLOVITER, *Circuit Judges.*

(Opinion filed May 20, 2015)
_____

OPINION*
_____

SLOVITER, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Danyel T. Proctor appeals from his judgment of conviction of 228 months imprisonment which was below the Guidelines sentencing range. Despite Proctor's having signed an appellate waiver, he argues that the District Court abused its discretion because the sentence was allegedly excessive in light of his cooperation with authorities. We will affirm the District Court's judgment of conviction.[1]

I.

Pursuant to a plea agreement, Proctor pled guilty to five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); one count of bank robbery, in violation of 18 U.S.C. § 2113(a) and; one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Proctor, often in concert with other codefendants, robbed six banks by brandishing a firearm, threatening the lives of bank employees, forcing bank employees to open the banks' vaults, and escaping with money after forcing bank employees into the vaults. The six banks sustained an aggregate loss of $227,554. The plea agreement provided that Proctor was to receive a three level reduction of his Offense Level for acceptance of responsibility. The plea agreement also contained an appellate waiver, by which Proctor gave up his right to a direct or collateral appeal.

When the District Judge accepted Proctor's guilty plea, Proctor said that he "fully understand[s]" the consequences of the appellate waiver in his plea agreement. App. Vol. II at 15-16. After the District Court recited the charges to which Proctor would be

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. §§ 1291 and 3742(a).

2

pleading, and the prosecutor stated the factual basis for the plea, Proctor stated that he wished to plead guilty, and the District Court accepted his plea.

At the sentencing hearing, the District Court addressed the Government's U.S.S.G. § 5K1.1 motion and granted a two-level downward departure. The District Court noted that Proctor "cooperated immediately after being appointed counsel" and he expressed a continuing willingness to testify. App. Vol. II at 27. Accounting for the § 5K1.1 motion, the District Court stated that Proctor's advisory Guidelines range was 188 to 235 months' imprisonment on the bank robbery charges. The § 924(c) charge had a separate mandatory consecutive 84-month term.

The District Court stated that it had reviewed all of the 18 U.S.C. § 3553(a) factors and discussed the first factor, "the nature and circumstances of the offense and the history and characteristics of the defendant," and sixth factor, "sentence disparities," on the record. As to the first factor, the District Court was troubled by the violent nature of the charged offenses and Proctor's criminal history, which entailed "repeated use of weapons." App. Vol. II at 35. As to the sixth factor, the Court commented that even if it were to sentence Proctor at the bottom end of the Guidelines range, Proctor's sentence should have been significantly longer than the sentences imposed on his codefendants. Thus, while Proctor's aggregate sentence under the Guidelines could have been 272 through 319 months, the District Court sentenced Proctor to an aggregate term of imprisonment of 228 months, of which 144 months represent concurrent terms for

3

Proctor's bank robbery offenses and the remaining 84 months was the mandatory consecutive term for violation of § 924(c)(1)(A)(ii). Proctor appealed.[2]

## II.

As noted in the foregoing, Proctor agreed to an appellate waiver. *See United States v. Gwinnett*, 483 F.3d 200, 202-03 (3d Cir. 2007). "[W]aivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). However, we have held that appellate waivers "should be strictly construed." *Id.* at 562. In considering appellate waivers, this court looks to several factors in deciding whether there has been a miscarriage of justice, including: the clarity and gravity of the error; its character; impact on the defendant and the government; and the defendant's acquiescence in the result. *Id.* at 562-63.

Proctor's waiver unequivocally states that "the defendant knowingly waives the right to appeal the conviction and sentence" and that "[t]his waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005)." Plea Agreement at 25. During the change of plea hearing the District Court questioned Proctor about whether he understood that he was

---

[2] Proctor's notice of appeal does not appear to be timely under Federal Rule of Appellate Procedure 4(b). However, Rule 4(b) is not jurisdictional, and the Government's failure to raise the issue constitutes waiver. *Gov't of the Virgin Islands v. Martinez*, 620 F.3d 321, 327-29 (3d Cir. 2010).

4

waiving his right to appeal, to which Proctor replied "I fully understand." App. Vol. II at 16. Thus, we conclude that Proctor knowingly and voluntarily waived his right to appeal.

Proctor claims that if his assistance to the Government is considered, "a miscarriage of justice occurred when he was sentenced to 228 months in prison." Appellant's Br. at 11. We do not agree. Proctor was the beneficiary of the Government's U.S.S.G. § 5K1.1 motion, which reduced his offense level by two levels based on his cooperation. Proctor's Offense Level was reduced from 34 to 32, resulting in a Guidelines range of 188 through 235 months, down from 235 through 293 months, for counts one through six. The District Court, in an effort to reduce the disparity between Proctor's sentence and those of his codefendants, ultimately sentenced Proctor to a term of 144 months for the bank robberies, which is significantly below the Guidelines range, and the mandatory consecutive term of 84 months for violation of § 924(c). Proctor's lowered sentence accounted for his timely acceptance of responsibility, cooperation with the Government, and a downward variance to prevent sentencing disparity. There is no miscarriage of justice in this case that warrants setting aside the appellate waiver. Accordingly, we do not reach the merits of Proctor's challenges to the sentence imposed.

III.

For the foregoing reasons set forth, we will affirm the District Court's judgment of conviction.